# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**ALAN DOERING,**
**ADC #106115**                                                                             **PLAINTIFF**

**V.**                          **CASE NO. 2:20-CV-49-BSM-BD**

**ASA HUTCHINSON,** *et al*.                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**. **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Doering may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be filed within 14 days.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Doering may waive the right to appeal questions of fact.

**II.** **Discussion:**

Alan Doering, an Arkansas Division of Correction inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 2) Because of his litigation history, Mr. Doering is not eligible for *in forma pauperis* (IFP) status, absent allegations that he is in imminent danger of serious bodily injury.[1] Mr. Doering did not

---

[1] The following dismissals constitute "strikes" against Mr. Doering for purposes of determining eligibility for IFP status: *Doering v. Wood*, *et al*., E.D. Ark. Case No.

plead facts indicating imminent danger; thus, on March 11, 2020, the Court ordered him to pay the $400 filing fee within 30 days. (Doc. No. 3) Mr. Doering objected to the March 11 Order, noting that he was permitted to proceed IFP in another lawsuit pending before this Court, *Doering v. Kelley, et al.*, E.D. Ark. Case No. 2:19cv45 (*Doering I*). (Doc. No. 4) He argues that he is currently subject to the same harm as the harm he alleged in *Doering* I; but that is not accurate.

*Doering I* was filed almost a year before Mr. Doering filed this lawsuit. Here, there are insufficient factual allegations for the Court to conclude that Mr. Doering's current housing assignment places him in imminent danger of serious harm. His vague, conclusory allegations are insufficient to satisfy the imminent-danger exception to the three-strikes rule.

### III. Conclusion:

The Court recommends that Mr. Doering's claims be DISMISSED, without prejudice, based on his failure to comply with the March 11Order requiring him to pay the filing fee.

DATED this 16th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

5:16cv165-BSM; *Doering v. Felts, et al.*, E.D. Ark. Case No. 4:16cv104-KGB; and *Doering v. Shue, et al.*, E.D. Ark. Case No. 4:13cv472-BSM.